UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH CHARLES MOUTON, JR. (#384613)  CIVIL ACTION

VERSUS

DOUGLAS McDONALD, ET AL.  NO. 07-0163-C-M3

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 18th day of April, 2008.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH CHARLES MOUTON, JR. (#384613)                      CIVIL ACTION

VERSUS

DOUGLAS McDONALD, ET AL.                                  NO. 07-0163-C-M3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 17. This motion is not opposed.

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Major Douglas McDonald, Lt. Mike McIntyre, Jr., Capt. Kendall McCray, Cadet Thomas Underwood, Sgt. Michael C. Harriel and Sgt. Frank Moore, complaining that the defendants violated his constitutional rights on September 16, 2006, through excessive force on that date.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, excerpts from the plaintiff's medical records, excerpts from the medical records of defendants Kendall McCray and Mike McIntyre, the Disciplinary Rules and Procedures for Adult Inmates, Department Regulation C-02-006 (relative to "Use of Force"), ten (10) Unusual Occurrence Reports dated September 16, 2006 (prepared by the defendants and other DCI security officers), six (6) disciplinary reports dated September 16, 2006 (prepared by the defendants and charging the plaintiff with "Gambling", "Aggravated Disobedience", and four (4) counts of "Defiance"), and the affidavits of Dr. Anthony Tarver, Randy Miley, Frances Henyard, Errol Matthews, Kelvin Dunn, Wayne W. Turner, and defendants Douglas McDonald, Mike McIntyre, Kendall McCray, Thomas Underwood, Frank Moore and Michael C. Harriel.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff alleges that on September 16, 2006, he was being searched by defendant Harriel when the defendant noticed something hidden in the plaintiff's hand. The defendant then ordered the plaintiff to open his hand. Instead of complying, the plaintiff broke away from defendant Harriel and ran toward the recreation room, discarding twenty-five (25) gambling tickets as he went. He asserts that he then allowed defendants Harriel and Thomas to "gain complete control of the situation". Notwithstanding, according to the plaintiff, defendants McDonald, McCray, Miley, Harriel and Thomas took the plaintiff to the floor, dragged him into the "roll call room" and punched and kicked him, with defendant McCray hitting the plaintiff on the back of the head with a radio. After the incident, the plaintiff was escorted to the cellblock lobby where he asserts that he was again beaten, this time by defendants McCray, McIntyre and Moore. He does not allege the extent of any injuries he sustained in these incidents, but he acknowledges that he was attended to by medical personnel.

In response to the plaintiff's allegations, the defendants assert that on the morning of September 16, 2006, defendants Underwood and Harriel were attempting to frisk search the plaintiff when they noticed that he was attempting to conceal something in his hand. Instead of cooperating with the search, the plaintiff pulled away and began to struggle. In response, Officer Francis Henyard (not named as a defendant herein), activated her emergency beeper, alerting other officers of the incident. Defendants McCray, McDonald and McIntyre arrived to assist in response to the beeper alert and converged upon the plaintiff. These officers took the plaintiff to the ground where he continued to resist the officers and refused to cooperate in allowing himself

to be restrained with handcuffs. After he was placed in hand restraints, the defendants escorted the plaintiff to the cellblock lobby where the plaintiff again became recalcitrant, lowered his head, and charged into defendant McIntyre's chest. Again the plaintiff was taken to the ground and again he resisted and kicked at the officers as they attempted to place him in leg restraints. The defendants contend that although they did in fact utilize force against the plaintiff on the morning of September 16, 2006, they utilized only such force as was necessary to exercise control over a potentially dangerous and recalcitrant inmate who was refusing to comply with orders given to him. They further assert that the plaintiff's injuries resulting from this incident do not support his claim of being beaten and kicked by numerous security officers while lying on the ground.

Turning to the defendants' motion for summary judgment, rec.doc.no. 17, the Court first notes that it is unclear whether the plaintiff has named the defendants herein in their individual and/or their official capacities. However, in light of the liberality accorded to the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court construes the plaintiff's allegations as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

With regard to the plaintiff's claim of excessive force against the defendants in their individual capacities, the defendants have asserted the defense of qualified immunity. The qualified immunity defense is a familiar one and operates to protect a public official who is performing a discretionary task. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable

to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the right allegedly violated was clearly established at the time of the infraction. This inquiry, the Supreme Court stated, must be undertaken in light of the specific factual context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.

Under the United States Constitution, force is excessive and violates the Eighth Amendment if applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Not every malevolent action by a prison guard, however, gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra.

In the Court's view, the facts established by the defendants and supported by evidence and affidavits fail to establish any liability on the part of the defendants. Critical to the Court's

determination in this regard is the plaintiff's explicit acknowledgment that, on the referenced date, he broke away and ran from a security officer who was conducting a search, thereby creating a potentially dangerous situation which required immediate intervention, and his acknowledgment that he was harboring contraband at the time and attempting to conceal and dispose of same prior to being apprehended. He has provided no affidavits or sworn statements refuting the defendants' sworn assertions. It is clear, therefore, that he created a dangerous situation which necessitated the use of some degree of force on the date in question. It further appears clear to the Court that the defendants' actions on the referenced date were motivated, in principal part if not wholly, by the need to regain control of a recalcitrant inmate and not by a desire to cause the plaintiff harm. In other words, they were acting to restore order within the prison and to bring a boisterous, recalcitrant and potentially violent inmate under control. Further, the medical records reflect only minor injuries and complaints of pain after the incident, including no objective symptomatology other than a bruise to the plaintiff's right upper back. There is no indication that he thereafter sought further medical treatment for these complaints other than a single visit to the prison infirmary on September 20, 2006, at which time he complained of pain to his left ear and jaw, a complaint which was found to be inconsistent with his complaints of five (5) days previously. According to the affidavit of a medical practitioner employed at the prison, the plaintiff's injuries are not consistent with his complaint of being beaten and kicked by multiple security officers on two (2) separate occasions and are more consistent which his being twice taken to the ground by security officers upon his refusal to obey orders. Accordingly, it does not appear to this Court that a reasonable jury could conclude, on the facts before the Court, that the force utilized by the defendants was excessive in light of the situation presented. The plaintiff, therefore, fails to state a claim of constitutional dimension relative to the alleged use of excessive force by the defendants, and the defendants' motion for summary judgment should be granted, dismissing the plaintiff's claims against the defendants, with prejudice.

Finally, the plaintiff in this case has offered no opposition whatever to the defendants' Motion for Summary Judgment. Nor has he submitted any affidavit or other evidence suggesting that there is any substantive merit to his claim. In this regard, it is clear that a party may not rest upon mere allegations or denials contained in his pleadings in opposing a motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984). In order to meet his burden, the party opposing a motion "may not sit on [his] hands, complacently relying" on the pleadings. Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990). The non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987). Upon the plaintiff's failure in this case to come forward with any opposition, argument, affidavit or other evidentiary showing to refute the defendants' motion in this case, summary judgment should be granted in favor of the defendants as a matter of law.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion for Summary Judgment, rec.doc.no. 17, be granted, dismissing the plaintiff's claims against the defendants, and that this action be dismissed, with prejudice.

Baton Rouge, Louisiana, this 18th day of April, 2008.

DOCIA L. DALBY
MAGISTRATE JUDGE